IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

JACQUELINE JONES-JACKSON, as )
Special Administrator of TYRONE )
JACKSON, deceased,             )
                               )
           Plaintiff,          )
                               )
vs.                            )    CIVIL NO. 10-cv-287-MJR
                               )
ILLINOIS DEPARTMENT OF         )
CORRECTIONS, et al.,           )
                               )
           Defendants.         )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Three motions are pending in this action. The most recent is Plaintiff Jacqueline Jones-Jackson's motion for leave to file her first amended complaint (Doc. 15). With her amended motion, she seeks to correct the date of death, from April 18, 2009, to April 19, 2009.

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served. A motion to dismiss does not constitute a responsive pleading for purposes of Rule 15(a); thus, an order dismissing the original complaint normally does not eliminate the plaintiff's right to amend once as a matter of right. *See Bieneman v. City of Chicago*, 838 F.2d 962, 963 (7th Cir. 1988) (per curiam); *Willhelm v. Eastern Airlines, Inc.*, 927 F.2d 971, 972 (7th Cir. 1991).

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).

Jones-Jackson has provided a copy of her proposed amended complaint (Doc. 15-1), *see* Local Rule 15.1 and FED.R.CIV.P. 15; accordingly the motion to amend is **GRANTED**. The Clerk

shall file the proposed first amended complaint.

The remaining two motions are related. Defendant Illinois Department of Corrections filed a motion to dismiss (Doc. 11). Later, Jones-Jackson recognized that the Department was not a proper defendant, and she filed a motion to dismiss the Department from this action (Doc. 14). Both motions are **GRANTED**; the Illinois Department of Corrections is **DISMISSED** from this action with prejudice.[1]

**IT IS SO ORDERED.**

**DATED this 15th day of July, 2010.**

                                           **s/ Michael J. Reagan**
                                           **MICHAEL J. REAGAN**
                                           **United States District Judge**

---

[1] The Court notes that in the proposed first amended complaint, the Department is listed as one of the defendants. The Clerk shall not reinstate the Department as a defendant when filing the proposed amended complaint.